IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| REGINALD DALE PETERS, PRO SE, § <br> TDCJ-CID No. 1361704, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TEXAS COURT OF CRIMINAL APPEALS, § <br> § <br> Defendant. § | 2:12-CV-0246 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff REGINALD DALE PETERS, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed a document which can be construed either as a Petition for Writ of Mandamus or as a suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in accord with Title 28, United States Code, section 1915.

Plaintiff claims the TEXAS COURT OF CRIMINAL APPEALS has denied him his constitutional rights of Due Process, Equal Protection of the Law, and Access to Courts by denying his writ of mandamus without written order. It appears the relief plaintiff wants is that the TEXAS COURT OF CRIMINAL APPEALS be required to identify why it dismissed plaintiff's original writ of mandamus and return plaintiff's original initial writ of habeas corpus. Plaintiff's specific request for relief is that this Court not hold him to the same standards of an attorney.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

The only relief plaintiff references in his submission to the Court is mandamus.

Federal courts are without power to issue writs of mandamus directing state courts or their judicial officers in the performance of their duties where mandamus is the only relief sought. *Lamar v, 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971).

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

"[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts case in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). Moreover, the relief plaintiff seeks is in the nature of mandamus relief. Federal courts have no power to direct state judicial officials in the performance of their functions. *See Moye v. Clerk, Dekalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Consequently, this Court lacks jurisdiction to grant the relief requested. *See, Santee v. Quinlan*, 115 F.3d 355, 356 (5th Cir. 1997).

Further, plaintiff has plead his state mandamus action was denied by THE TEXAS COURT OF CRIMINAL APPEALS. If so, there is no longer an action pending before that court for it to act upon, even if so ordered.

Plaintiff's allegations against the defendant fail to state a claim on which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff REGINALD DALE PETERS be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____12th_____ day of December, 2012.

_____
MARY LOU ROBINSON
United States District Judge